UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 21-96 |
| QUINCY JACKSON | SECTION "R" (5) |

### ORDER AND REASONS

Before the Court is defendant's motion for appointment of counsel to assist him in filing a motion under 28 U.S.C. § 2255.[1] The Government opposes the motion.[2] For the following reasons, the Court denies defendant's motion.

### I.  BACKGROUND

Defendant Quincy Jackson pleaded guilty without a plea agreement to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) in September 2022.[3] He was sentenced to a term of imprisonment of 65 months.[4] On July 21, 2023, defendant filed a motion to

---

[1]  R. Doc. 51.
[2]  R. Doc. 55.
[3]  R. Doc. 32.
[4]  R. Doc. 46.

appoint counsel to assist him in filing a motion for relief from his conviction under 28 U.S.C. § 2255, arguing that his conviction was unconstitutional in light of *United States v. Bullock*, No. 18-CR-165, 2023 WL 4232309 (S.D. Miss. Jun. 28, 2023), which held that the offense defined in § 922(g)(1) was unconstitutional as applied to the defendant in that case as a result of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).[5] The Government argues that defendant's conviction was lawful.[6]

The Court considers the parties' arguments below.

## II. DISCUSSION

Unlike defendants in criminal proceedings and prisoners directly appealing judgments in criminal cases as a matter of right, prisoners mounting collateral attacks on their convictions do not have a right to counsel under the Sixth Amendment. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). But a court has discretion to appoint counsel to a "financially eligible person" seeking relief under 28 U.S.C. § 2255 when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). The adequacy of the

---

[5]   R. Doc. 51.
[6]   R. Doc. 55.

2

defendant's statement of the issues to be decided and the complexity of the law relevant to those issues may be considered in determining whether the interests of justice require appointment of counsel. *See Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985).

First, defendant has adequately stated the basis of his planned motion and directed the Court to the relevant law. *See U.S. v. Davis*, 629 F. App'x 613, 619 (5th Cir. 2015) ("[Appellant] appears to have a general understanding of his case and . . . supplemental briefing by appointed counsel would not further aid the court . . . Thus . . . the court did not abuse its discretion in denying the motion to appoint appellate counsel").

Second, the proposed basis for defendants § 2255 motion, that the offense defined in 18 U.S.C. § 922(g)(1) is unconstitutional in light of the Southern District of Mississippi's decision in *Bullock*, is not meritorious. *See United States v. Declouet*, No. 07-198, 2023 WL 4132998, at *1 (E.D. La. June 22, 2023) ("Whether the interests of justice require the appointment of counsel depends in large part on the merits of the claims sought to be raised by the defendant, [and] the complexity of the legal and factual arguments raised by the defendant's motion."); *see also Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J. concurring) ("Nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."

3

(quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008))); *United States v. Rahimi*, 61 F.4th 443, 452 (5th Cir. 2023) ("[T]he history and tradition of the Second Amendment make clear that prohibiting convicted felons from possessing firearms is constitutionally tolerable."). Thus, the interests of justice do not require appointment of counsel in this case.

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to appoint counsel.

New Orleans, Louisiana, this __25th__ day of September, 2023.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE